# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES J. MELTON,<br>   Plaintiff,<br>  v.<br><br>TEMPLE UNIVERSITY POLICE<br>STATION and BARTON ALLIED<br>SECURITY,<br>   Defendants. | CIVIL ACTION NO. 18-270 |

## MEMORANDUM

**RUFE, J.**                           **August 19, 2019**

*Pro se* Plaintiff Charles Melton filed suit against Temple University Police Station ("Temple") and Universal Protection Service d/b/a Allied Universal Security Services ("Allied"), and with leave of Court, filed his First Amended Complaint, alleging numerous violations of state and federal law based on Defendants' alleged misconduct on two separate occasions at Temple University.[1] The first incident occurred in 2016, when Plaintiff was at the Temple University School of Dentistry to pick up a dental bill. Plaintiff alleges that an Allied security officer improperly called Temple police, and Plaintiff was placed in handcuffs as he and his property were searched. The second incident occurred in 2018 at the Temple University library, where Temple police allegedly removed Plaintiff from the library and accosted him.

Defendants moved to dismiss the First Amended Complaint, and the Court granted their motions in part, dismissing all claims against both Defendants without prejudice and with leave to amend, except one false imprisonment claim under Pennsylvania state law against Temple.[2] As to Allied, all claims were dismissed because Plaintiff failed to allege any facts supporting a

---

[1] First Am. Compl., [Doc. No. 17].

[2] Order [Doc. No. 27].

plausible cause of action against it.³ As to Temple, all federal constitutional claims were dismissed because Plaintiff failed to allege facts supporting the existence of a policy or custom of violating federal law under *Monell*.⁴

Plaintiff then filed the operative Second Amended Complaint, which again raises federal constitutional claims under the Fourth, Fifth, and Fourteenth Amendments, as well as Pennsylvania state law claims,⁵ and which largely mirrors the allegations of the First Amended Complaint. Defendants have now moved to dismiss this Complaint. The motions will be granted, as Plaintiff has failed to cure the shortcomings highlighted by this Court in addressing his First Amended Complaint.⁶

As to Allied, Plaintiff does not allege facts supporting a plausible § 1983 claim, as he again fails to allege any facts that constitute a violation of law by Allied or its employees. Plaintiff only states that an Allied security guard was noticeably agitated, that she did not disclose her badge number, and that she subsequently called Temple police, and these allegations do not constitute a violation of any constitutional rights.⁷

As to Temple, Plaintiff again fails to allege any facts that support the existence of an official policy or custom, implemented or executed by Temple, that caused his alleged

---

³ Order [Doc. No. 27] at 6 ("Plaintiff has not alleged any conduct … that would give rise to a cause of action against Allied. Plaintiff seeks relief for violations of the Fourth Amendment, which protects against unreasonable searches and seizures; however, Plaintiff does not allege that anyone from Allied prevented him from leaving or touched him or his property.").

⁴ *Id*. at 5.

⁵ Plaintiff alleges causes of action for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligence, and negligent hiring, retention and supervision under the laws of the Commonwealth of Pennsylvania.

⁶ *See* Order [Doc. No. 27].

⁷ Second Am. Compl. [Doc. No. 29] at 3. Allied also argues that Plaintiff's claims should be dismissed because Plaintiff's January 31, 2019 filing, according to Allied, was an amended complaint that supplanted Plaintiff's January 15, 2019 Amended Complaint and failed to name Allied as a defendant. Allied Mot. to Dismiss [Doc. No. 32]. However, Plaintiff's January 31, 2019 filing was not an amended complaint, but instead a response to Temple's Motion to Dismiss. *See* Pl.'s Resp. to Mot. [Doc. No. 34].

constitutional injuries.[8] As previously noted by this Court, Plaintiff alleges two instances of alleged misconduct by Temple police, occurring several years apart, and fails to provide facts supporting the existence of a policy or custom.[9] Although Plaintiff now contends that Temple had "a pattern and policy in which officers of the Temple Police department unlawfully arrest[ed], search[ed], and detained" him, such conclusory statements, unsupported by any factual allegations, are insufficient to allege a policy or custom.[10]

In consideration of the facts presented by Plaintiff in his various complaints, and as Plaintiff has already been afforded one opportunity to amend, the Court finds that further leave to amend would be futile.[11] Thus, Plaintiff's § 1983 claims against both Temple and Allied are dismissed with prejudice. Furthermore, as all federal claims for which the Court has original jurisdiction under 28 U.S.C. § 1367(c)(3) will be dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which will be dismissed without prejudice to Plaintiff's ability to file them in state court.[12]

---

[8] As explained in this Court's previous Order [Doc. No. 27], although Temple is a state-related institution, it is "a city, municipality or private entity that is a state actor" rather than an arm of the state, and its liability is therefore analyzed under *Monell* rather than the Eleventh Amendment. To hold a municipality liable under § 1983, a plaintiff must show the municipality had a policy or unofficial custom of violating federal law. *Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000).

[9] *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("Policy is made when a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials [are] so permanently and well-settled as to virtually constitute law." (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy").

[10] Second Am. Compl. [Doc. No. 29] at 3; *see Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014).

[11] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("a district court must permit a curative amendment unless such an amendment would be inequitable or futile").

[12] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that a federal court should hesitate in exercising supplemental jurisdiction over state claims when the federal claims have been dismissed before trial); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (clarifying that the decision to exercise supplemental jurisdiction falls within the discretion of the federal district courts).